UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SOPHEAP GARRISON,<br><br>　　　　　　　　　Plaintiff,<br>　　v.<br>ALLSTATE INSURANCE COMPANY,<br>an Illinois Insurance corporation,<br><br>　　　　　　　　　Defendant. | CASE NO. 2:21-cv-00624-DGE<br><br>ORDER ON DEFENDANT'S PARTIAL MOTION FOR SUMMARY JUDGMENT |

## I.   INTRODUCTION

This matter comes before the Court on Defendant's Motion for Partial Summary Judgment. (Dkt. No. 50.) The Court has considered the pleadings filed in support of and opposition to the motion and the remainder of the record and hereby GRANTS IN PART Defendant's motion for the reasons discussed herein.

ORDER ON DEFENDANT'S PARTIAL MOTION FOR SUMMARY JUDGMENT - 1

## II.    BACKGROUND

Plaintiff has an automobile insurance policy with Defendant whereby Defendant would step into the shoes of a tortfeasor in the event that Plaintiff is involved in an automobile accident caused by an uninsured or under-insured motorist (the "UIM policy"). (Dkt. No. 1-2 at 3.) On March 4, 2016 Plaintiff was involved in a motor vehicle collision with an under-insured motorist. (*Id*.) Five days later she submitted claims under her UIM Policy (Dkt. No. 51-1 at 71) for medical expenses related to the accident. (Dkt. No. 1-2 at 3-4.)

On May 2, 2017, Plaintiff filed a third-party action against the under-insured motorist. (Dkt. No. 51-1 at 75.) On June 27, 2018, Plaintiff invited Defendant to intervene in the third-party action, which it declined. (*Id*. at 66.) On December 20, 2018, Plaintiff settled the third-party lawsuit for less than the available $100,000 liability limits on her policy. (*Id*. at 62.)

On January 21, 2019 Defendant reached out to Plaintiff to inquire about the status of the UIM demand. (*Id*. at 60.) Plaintiff submitted her UIM demand (the "Demand Letter") on January 24, 2019. (Dkt. No. 51-3 at 13-28.) On February 22, 2019, Defendant reached out to Plaintiff's counsel to discuss the UIM valuation. (Dkt. No. 51-1 at 59.) Defendant informed Plaintiff's counsel it saw no additional value beyond what Plaintiff had already collected on the action involving the underlying tortfeasor. (*Id*.)

On April 9, 2019, Plaintiff filed the UIM action in state court against Defendant. (Dkt. No. 57 at 6.) On June 5, 2019, Defendant filed its answer to Plaintiff's UIM action. (Dkt. No. 3-1 at 25.)

On March 1, 2021, Plaintiff served on Defendant a Washington Insurance Fair Conduct Act ("IFCA") notice. (Dkt. No. 50 at 10.) On April 16, 2021, Plaintiff amended her complaint to include bad faith and extracontractual claims, including breach of the Washington IFCA,

Breach of Duty of Good Faith, Breach of the Fiduciary Duty, Breach of the Washington Consumer Protection Act ("CPA"), and Negligence.[1]  (*Id.*)  Defendant removed the action to federal court shortly thereafter.  (Dkt. No. 1.)

Defendant now moves for partial summary judgment on all but the UIM claim.  (Dkt. No. 50.)

## III.   DISCUSSION

### A.  Motions to Strike

Defendant moves to strike the Declarations of James Taylor Kindred and Robert Dietz, along with portions of the Declaration of David Mann.  (Dkt. No. 62 at 11.)  These declarations were submitted in opposition to Defendant's motion.

The failure to disclose witnesses pursuant to Federal Rule of Civil Procedure 26 prohibits their subsequent use unless a party establishes the failure to disclose was substantially justified or harmless.

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.

Fed. R. Civ. P. 37(c)(1).

The Ninth Circuit has explained that "even absent a showing in the record of bad faith or willfulness, exclusion is an appropriate remedy for failing to fulfill the required disclosure requirements of Rule 26(a)."  *Yeti By Molly Ltd. v. Decker Outdoor Corp.,* 259 F.3d 1101, 1106 (9th Cir. 2001).  "The sanction of exclusion is thus automatic and mandatory unless the party to

---

[1] Plaintiff's Amended Complaint included an additional breach of contract claim that the Court finds duplicative of its original UIM claim.

be sanctioned can show that its violation of Rule 26(a) was either justified or harmless." *Finley v. Marathon Oil Co.,* 75 F.3d 1225, 1230 (7th Cir. 1996).

In addition, the Court specifically informed Plaintiff the attempt to list "as of yet named" experts in her prior disclosures was improper, and that disclosure of any additional experts not previously identified would be prohibited. (*See* Dkt. No. 36 at 4) ("The Court will not allow Plaintiff to include any experts not listed by name on Plaintiff's Disclosure of Expert Witnesses as filed on November 24, 2021.").

### 1. Declaration of Robert Dietz

Robert Dietz was not previously disclosed as a fact or expert witness in accordance with Federal Civil Rule of Procedure 26. Moreover, Mr. Dietz's role in this litigation is uncertain. He identifies himself as a "consultant" in this matter (Dkt. No. 57-4 at 1), yet purports to offer expert testimony in his declaration. Plaintiff also fails to offer justification as to why Mr. Dietz was not previously disclosed or reasons why the failure to disclose was harmless. Pursuant to Federal Rule of Civil Procedure 37(c)(1), the Declaration of Robert Dietz is stricken.

### 2. Declaration of James Kindred

There is no indication James Kindred was previously identified as a witness and no indication the documents attached to his declaration were previously disclosed.[2] Plaintiff also fails to offer justification as to why Mr. Kindred was not previously disclosed or reasons why the failure to disclose was harmless. Pursuant to Federal Rule of Civil Procedure 37(c)(1) his declaration is stricken.

---

[2] Mr. Kindred appears to have been identified for the first time in Plaintiff's Second Supplemental Disclosure of *Expert* Witnesses filed on March 24, 2022. (Dkt. No. 61 at 4) (emphasis added). He is identified therein as a "fact, and/or rebuttal witness." (*Id.*)

ORDER ON DEFENDANT'S PARTIAL MOTION FOR SUMMARY JUDGMENT - 4

In addition, Mr. Kindred's declaration (Dkt. No. 57-3) appears to be of little relevance to the issues raised in the present motion as it describes routine communications between himself and Defendant on behalf of Mr. Mann. Moreover, paragraphs 8, 10, and 18 contain hearsay. While Mr. Kindred would be able to testify about emails he received or oral statements he heard Defendant's representatives utter, testimony about statements or communications Mr. Mann made to Defendant are hearsay and would not have been considered even had Mr. Kindred been previously disclosed.

3. Declaration of David Mann

As a preliminary matter, it is noted that Mr. Mann's statement, "Allstate did not respond in writing to the UIM lawsuit for breach of contract *for greater than two (2) years*", is demonstrably false. (*See* Dkt. No. 57-1 at 1.) The record indicates Defendant in fact filed an answer to the UIM lawsuit on June 5, 2019.[3] (*See* Dkt. No. 3-1 at 25-28.) It is reasonable to conclude Defendant was involved in that litigation from that date forward.

Regarding paragraphs 5 through 13 of Mr. Mann's declaration, Defendant does not provide specific detail as to why they should be stricken. The boilerplate objections provided little assistance for the Court to determine why each individual paragraph should be stricken. Regarding paragraph 2, the characterization made therein is not a medical opinion. Regarding paragraph 4, and as noted already, that paragraph is wrong.

Therefore, the Court will only strike paragraph 4 of Mr. Mann's declaration.

**B. Summary Judgment Standard**

Summary judgment is appropriate if there is no genuine dispute as to any material fact

---

[3] Defendant notes another instance where Plaintiff's counsel may have provided incorrect information to a court. (Dkt. No. 62 at 13, n.15.)

ORDER ON DEFENDANT'S PARTIAL MOTION FOR SUMMARY JUDGMENT - 5

and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a).  The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  Where the moving party will have the burden of proof at trial, it must affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party.  *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007).  On an issue where the nonmoving party will bear the burden of proof at trial, the moving party can prevail merely by pointing out to the district court that there is an absence of evidence to support the non-moving party's case.  *Celotex Corp.*, 477 U.S. at 325.  If the moving party meets the initial burden, the opposing party must set forth specific facts showing that there is a genuine issue of fact for trial to defeat the motion.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).  The court must view the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor.  *Reeves v. Sanderson Plumbing Prods.*, 530 U.S. 133, 150-51 (2000).

However, the nonmoving party must present significant and probative evidence to support its claim or defense.  *Intel Corp. v. Hartford Accident & Indem. Co.*, 952 F.2d 1551, 1558 (9th Cir. 1991).  Uncorroborated allegations and "self-serving testimony" will not create a genuine issue of material fact.  *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002); *T.W. Elec. Serv. v. Pac Elec. Contractors Ass'n*, 809 F. 2d 626, 630 (9th Cir. 1987).  The Court need not, and will not, "scour the record in search of a genuine issue of triable fact." *Keenan v. Allan*, 91 F.3d 1275, 1279 (9th Cir. 1996); *see also White v. McDonnel-Douglas Corp.*, 904 F.2d 456, 458 (8th Cir. 1990) (explaining that the court need not "speculate on which portion of the record the nonmoving party relies, nor is it obliged to wade through and search the entire record for some specific facts that might support the nonmoving party's claim").  "[T]he

mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Scott v. Harris*, 550 U.S. 372, 380 (2007).

### C. Plaintiff's IFCA Claim Fails as a Matter of Law

IFCA provides that a first-party claimant to an insurance policy "who is unreasonably denied a claim for coverage or payment of benefits by an insurer" may bring an action for damages. RCW 48.30.015(1). However, "IFCA does not create an independent cause of action for [enumerated insurance] regulatory violations." *Perez-Crisantos v. State Farm Fire & Cas. Co.*, 389 P.3d 476, 483 (Wash. 2017). An "insured must show that the insurer unreasonably denied a claim for coverage *or* that the insurer unreasonably denied payment of benefits." *Id.* at 482.

*Perez-Crisantos* appears indistinguishable from the present matter. There the insured argued,

> State Farm compelled him to litigate his UIM claim through 'a pre-suit offer of $0' . . . which, he contends, violated insurance regulations that deem it unfair or deceptive to '[c]ompel[ ] a first party claimant to initiate or submit to litigation, arbitration, or appraisal to recover amounts due under an insurance policy by offering substantially less than the amounts ultimately recovered in such actions or proceedings.' WAC 284–30–330(7). He contends that this regulatory violation is independently actionable under IFCA. State Farm contends that the statute clearly sets forth the basis for private causes of action and those causes of action do not include regulatory violations.

389 P.3d at 480. The defendant asserted it acted reasonably and in good faith in the claims process and that "the parties merely had a reasonable disagreement about the value of the claim." *Id.* at 478. Ultimately, the IFCA claim was dismissed on summary judgment. *Id.* at 484.

Here, Plaintiff took issue with Defendant's position that the value of Plaintiff's injury claim was less than the tortfeasor's underlying policy limits; in other words, that Defendant

ORDER ON DEFENDANT'S PARTIAL MOTION FOR SUMMARY JUDGMENT - 7

valued Plaintiff's injury claim less than what Plaintiff did.  However, Plaintiff's Amended Complaint does not allege denial of coverage or the unreasonable denial of payment of benefits.  (*See* Dkt. No. 1-2.)  Nor has Plaintiff identified evidence supporting the denial of coverage or the unreasonable denial of payment of benefits other than the fact that Defendant disagreed with the valuation of Plaintiff's' claim.  Moreover, Plaintiff's Response failed to distinguish or even address *Perez-Crisiantos*.  Without more, Plaintiff's IFCA claim fails as a matter of law.

Defendant's Motion for Summary Judgment is GRANTED as to Plaintiff's IFCA claim.

### D.  Plaintiff Has Failed to State a Claim for a Washington CPA Violation

To prevail in a private CPA action, "a plaintiff must establish five distinct elements: (1) unfair or deceptive act or practice; (2) occurring in trade or commerce; (3) public interest impact; (4) injury to plaintiff in his or her business or property; (5) causation." *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 719 P.2d 531, 533 (1986).

Defendant argues that Plaintiff has failed to allege injury to Plaintiff in her business or property. (Dkt. No. 50 at 23-24.)  Plaintiff's Amended Complaint is devoid of any allegations of injury to Plaintiff's business or property.  (*See* Dkt. No. 1-2.)  Furthermore, Plaintiff failed to put forth any evidence in support of allegations of injury to her business or property in her Response to Defendant's Motion for Partial Summary Judgment. (Dkt. No. 57.)  Therefore, the Court finds there is no dispute of material fact as to Plaintiff's CPA claim and GRANTS Defendant's Motion as to Plaintiff's CPA claim.

### E.  Plaintiff Has Failed to Raise a Genuine Issue of Material Fact that Defendant Breached the Duty of Good Faith

An insurer has a duty of good faith to its policyholder and violation of that duty may give rise to a tort action for bad faith. *Truck Ins. Exch. v. Vanport Homes, Inc.,* 58 P.3d 276 (Wash. 2002).  In Washington, an insurer generally has an "enhanced duty" to put its insured's interests

on "equal footing" with its own. *Am. States Ins. Co. v. Symes of Silverdale, Inc.*, 78 P.3d 1266, 1270 (Wash. 2003); *Tank v. State Farm Fire & Cas. Co.*, 715 P.2d 1133, 1137 (Wash. 1986). But this enhanced duty does *not* apply in the UIM context, where the insurer stands in the tortfeasor's shoes and thus is in an adversarial relationship with its own insured. *See Hopkins v. Integon Gen. Ins. Co.*, 2022 WL 851750, at *2 (9th Cir. Mar. 22, 2022) (citing *Ellwein v. Hartford Accident & Indem. Co.*, 15 P.3d 640, 647 (Wash. 2001), *overruled on other grounds by Smith v. Safeco Ins. Co.*, 78 P.3d 1274 (Wash. 2003)). Instead, to show bad faith in the UIM context, the insured must show the denial of benefits was "unreasonable, frivolous, or unfounded," as opposed to simply incorrect. *Smith*, 78 P.3d at 1277; *Heide v. State Farm Mutual Automobile Ins. Co.*, 261 F. Supp. 3d 1104, 1109 (W.D. Wash. 2017).

1. Conduct Prior To Filing of UIM Lawsuit

Defendant received Plaintiff's January 22, 2019 UIM demand letter and acknowledged receipt of it on January 28, 2019. (Dkt. No. 51-3 at 30.) Thereafter, the parties communicated with Plaintiff responding to Defendant's request for additional information. (Dkt. No. 51-1 at 59-60.) On February 22, 2019, Defendant communicated it valued the claim less than what Plaintiff valued based on the information provided up to that point. (*Id.* at 59.) Other than Defendant not accepting Plaintiff's valuation of her claim, Plaintiff fails to put forth any evidence or argument that Defendant acted unreasonable, frivolous, or unfounded. Plaintiff's response simply puts forth a series of facts, many of which are undisputed, with little analytical substance as to how they demonstrate bad faith. Plaintiff fails to point to any dispute of material fact prior to Plaintiff's filing of the UIM complaint on April 9, 2019. (Dkt. No. 57 at 2-6.)[4]

---

[4] Defendant's case file indicates that when Plaintiff's Counsel spoke with Defendant on February 22, 2019 that he refused to provide further documentation related to Plaintiff's ongoing physical

      2.  <u>Conduct After Filing of UIM Lawsuit</u>

Once a UIM lawsuit is filed, the insurer "stands in the shoes of the tortfeasor" and the nature of the relationship between insured and insurer becomes adversarial. *Lock v. Am. Fam. Ins. Co.*, 460 P.3d 683, 691-92 (Wash. App. 2020) (quotations omitted). Although Washington courts have not definitively stated that filing of the UIM lawsuit makes the insurer immune from further bad faith claims, courts have recognized that "postlitigation conduct of the insurer's counsel is not the basis for liability for insurance bad faith" after "any claim investigation and evaluation had ceased." *Id*. at 692.

Plaintiff's allegations of bad faith after filing of the UIM litigation are difficult for the Court to discern. Plaintiff first claims that "Allstate did not respond in writing to the UIM lawsuit for breach of contract for *greater than two (2) years*." (Dkt. No. 57 at 6.) However, this is false as Defendant previously filed portions of the state court record indicating that Defendant was actively litigating the UIM action. (Dkt. No. 3-1 at 25-33.)

Plaintiff also asserts Defendant failed to respond to her January 22, 2021 supplemental demand. (Dkt. No. 57 at 6.) However, a settlement offer during UIM litigation would not be actionable bad faith conduct as the insurer's relationship to the insured is adversarial. *Lock*, 460 P.3d at 692 n.1 (deciding "that settlement offers made by counsel during litigation are not claims investigations" and therefore not grounds for a bad faith claim).

In short, Plaintiff has put forth no factual allegations or evidence for her claim of bad faith. Therefore, Defendant's motion is GRANTED as to Plaintiff's bad faith claim.

**F.  Plaintiff's Request Under Rule 56(d)**

---

therapy treatment. (Dkt. No. 51-1 at 59.) Plaintiff disputes this point, however such a dispute is immaterial to the issue of bad faith.

A court has authority to defer ruling on summary judgment, allow for more time to obtain specific discovery, or deny the motion if "a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition." Fed. R. Civ. P. 56(d). Federal Rule of Civil Procedure 56(d) creates "a device for litigants to avoid summary judgment when they have not had sufficient time to develop affirmative evidence." *United States v. Kitsap Physicians Serv.*, 314 F.3d 995, 1000 (9th Cir. 2002).

The moving party under Rule 56(d) must show: (1) it has set forth in affidavit form the specific facts that they hope to elicit from further discovery, (2) that the facts sought exist, and (3) that these sought-after facts are essential to resist the summary judgment motion. *Family Home & Fin. Ctr., Inc. v. Fed. Home Loan Mortg. Corp.*, 525 F.3d 822, 827 (9th Cir. 2008). In other words, the moving party must "make clear what information is sought and how it would preclude summary judgment." *Nicholas v. Wallenstein*, 266 F.3d 1083, 1088-89 (9th Cir. 2001) (quotation and citation omitted). "Failure to comply with these requirements is a proper ground for denying discovery and proceeding to summary judgment." *Family Home*, 525 F.3d at 827 (quotation and citation omitted).

Plaintiff has failed to comply with the requirements of Rule 56(d). Plaintiff has not provided an affidavit indicating what specific facts she hopes to obtain through further depositions.[5] Therefore, the Court DENIES Plaintiff's request under Rule 56(d).

### G. Plaintiff's Remaining Extra Contractual Claims

---

[5] Plaintiff asserts the need to obtain a transcript of Defendant's 30(b)(6) witness. However, she does not describe the testimony purportedly therein providing support for her claims other than to state, "there will unquestionably be evidence of material facts in sharp dispute[.]" (Dkt. No. 65 at 3.)

Defendant's Partial Motion for Summary Judgment does not specifically address Plaintiff's claims for breach of fiduciary duty and negligence, which are asserted in the Amended Complaint. (*See* Dkt. No. 1-2 at 4-5.) As no argument was put before the Court, the Court does not believe it appropriate to consider the merits of these claims at this time.

### IV. CONCLUSION

Accordingly, and having considered Defendant's motion, the briefing of the parties, and the remainder of the record, the Court finds and ORDERS that Defendant's Partial Motion for Summary Judgment is GRANTED IN PART.

1. Judgment is GRANTED in favor of Defendant as to Plaintiff's Insurance Fair Conduct Act, Consumer Protection Act, and Breach of Duty of Good Faith claims. These claims are DISMISSED with prejudice.
2. The Court at this time offers no ruling on Plaintiff's Breach of Fiduciary Duty and Negligence claims.

Dated this 8th day of April 2022.

David G. Estudillo
United States District Judge